CHARLES H. BOULDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7965.    Promulgated June 23, 1927.

Amount claimed by petitioner as advances on behalf of a corporation *held* deductible from 1920 income as a debt ascertained to be worthless and charged off in that year.

*R. Kemp Slaughter, Esq.,* and *Hugh C. Bickford, Esq.,* for the petitioner.

*Henry Ravenel, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1920 in the amount of $620.14. The only issue presented is whether the petitioner is entitled to a deduction for a claimed bad debt.

### FINDINGS OF FACT.

The petitioner is a real estate broker having his office in Baltimore, Md.

In 1902, at the solicitation of one L. R. Coates, now deceased, the petitioner advanced to Coates about $5,000 for the development of

coal properties. The venture was successful and in 1911 the petitioner disposed of his holdings at a profit. Shortly thereafter, in 1911, Coates approached the petitioner with a proposition for the development of other coal fields which gave promise of yielding larger profits than the prior venture. In March, 1911, the petitioner agreed to join in the new venture. In June of that year the Pine Swamp Big Vein Coal Co. was organized. Beginning with March 4, 1911, the petitioner advanced various sums for traveling expenses of Coates, options on and purchases of coal properties, expenses of engineers and attorneys, supplies for the company, maps and blue prints, and for other items in connection with the organization of the company. The sums so advanced prior to May 15, 1912, aggregated $5,806.82. During the same period he paid for the company $199.94 as discounts and interest on mortgages and loans.

On May 15, 1912, the company issued to the petitioner, for the funds advanced, six of its first mortgage 5 per cent interim bonds of the aggregate face value of $43,500.

Thereafter the petitioner paid discounts and interest in various amounts and made other advances in behalf of the company, the last of which was $250 paid on August 4, 1916, at the request of Coates, for the renewal of options on land in which the company was interested.

The petitioner's books of account consisted of two cash books— one containing records for 1911 and prior years and the other for years subsequent to 1911—and a ledger. In the cash books he kept an itemized record of daily receipts and expenditures. At the end of each year he transferred the totals of the receipts and expenditures, by months, to the ledger. The ledger account in which he recorded his transactions with the Pine Swamp Big Vein Coal Co. shows the company indebted to him as of August 4, 1916, in the amount of $6,826.72.

From 1916 to the middle of the year 1920 the petitioner talked with Coates every month or two regarding the project. On those occasions Coates advised the petitioner that he was attempting to have the company financed and gave favorable and optimistic reports. On July 26, 1920, Coates phoned the petitioner to the effect that the Pine Swamp Big Vein Coal Co. was " wiped out " and that he could get no one to finance it. The next day the petitioner called on Coates at the latter's office and received very discouraging reports as to the condition of the company. Coates reported at that time that he had not been able to get any one to take up the financing of the company and that he was sick and could not go on with the work. He advised the petitioner that the latter had " better charge it off."

Thereafter the petitioner charged the Pine Swamp Big Vein Coal Co. account off his ledger by drawing a line through the account and made a notation to the effect that the account was charged off in his 1920 return.

In his income-tax return for 1920 the petitioner claimed as a bad debt deduction $6,315.57 of the amounts advanced for the company.

The collector's office subsequently questioned the deduction claim. In 1924 the petitioner wrote the Secretary of State of the State of West Virginia in regard to the company and received from that official a reply dated June 26, 1924, reading as follows:

I acknowledge receipt of yours of June 25th in re: The Pine Swamp Big Vein Coal Co.

This corporation was dissolved by a decree of court on February 23, 1917.

### OPINION.

ARUNDELL: The petitioner advanced a total, as shown by his accounts, of $6,826.72 on behalf of the Pine Swamp Big Vein Coal Co. For a part of those advances the company issued bonds to the petitioner. In making the advances the petitioner relied upon the promoter Coates for the successful promotion of the venture. Coates furnished favorable reports concerning the company until in 1920 when the petitioner learned for the first time that the company, as he put it, was " wiped out." At that time he ascertained the debt of the company to be worthless and charged the amount of the advances off his books. Although the company was dissolved in 1917 the petitioner was unaware of that fact. The petitioner is entitled to a deduction as a bad debt for the year 1920 of $6,315.57, the amount he claims. At the hearing counsel for the petitioner waived all claim for a deduction in excess of that amount. We; therefore, express no opinion as to whether the advances in excess of the amount claimed are deductible.

*Judgment will be entered on 15 days' notice, under Rule 50.*